JOHN L. LUDELING *v.* NATHAN VESTER, Administrator.

The location of an Internal Improvement warrant, under the Act of Congress of the 4th September, 1841, on land to which a valid pre-emption right existed, is void and cannot be rendered valid by a subsequent approval of the land to the State. Priority of right gives priority of, title, in contests of this kind.

APPEAL from the District Court of Morehouse, *Richardson, J.*

*Ludeling* and *Slack*, for plaintiff.    *S. G. Parson*, for defendant.

LAND, J.    This is a petitory action for the recovery of a tract of land situate within the Bastrop grant, in the Parish of Morehouse. The plaintiff claims title by virtue of the location of an Internal Improvement warrant by his vendor, Darcas Dinkgrave; by the selection of the land for the State under the Act of Congress of the United States, of the 4th of September, 1841, donating lands to Louisiana and other States for purposes of Internal Improvement; by virtue of the approval of the selection by the Secretary of the Interior of the United States; and finally by virtue of a patent issued by the Governor of the State to him as assignee of Darcas Dinkgrave. The defendant claims title as administrator and heir of Wiley J. Vester, deceased, under the Act of Congress of the United States of the 2d of March, 1851, granting preëmption rights to *bona fide* settlers and house-keepers within the Bastrop grant; and by virtue of a patent issued by the United States Government to the heirs of Wiley J. Vester, the preëmptor, on the 7th day of December, 1849.

The location of the warrant; the selection under the Act of Congress by the State; the approval of the selection by the Secretary of the Interior, and the patent by the Governor of the State, *were all prior in date* to the final decision on the preëmption claim of Wiley J. Vester, and to the issue of the patent to his heirs by the United States Government.

The priority of title exhibited by the plaintiff, gives rise to the principal question in the case for our decision. The plaintiff contends that the approval of the selection of the land was equivalent to a patent, and not only divested the United States of title, but of all jurisdiction over the question of title; and that the decision of the Secretary of the Interior, *after such approval*, rejecting the location made by Darcas Dinkgrave, and confirming the preëmption claim of Wiley J. Vester, was without authority, contrary to law, null and void.

The facts bearing upon this question are as follows: On the 9th of October, 1855, Vester filed his declaratory notice, that is to say, a declaration in writing of his intention to avail himself of the preëmption right granted by the Act of Congress on the 2d of March, 1851. This declaratory notice was filed in the Land Office at Monroe. On the 16th of May, 1856, Darcas Dinkgrave, located an Internal Improvement warrant on the land claimed by Vester, and contested his right to a preëmption under the Act of Congress, before the Register and Receiver of the Land Office. These officers were unable to agree in opinion as to the right of Vester to a preëmption; the Register decided against the claim, and the Receiver in favor of it. On a reference to the Commissioner of the General Land

Office, he decided on the 12th of September, 1857, the contest against Vester, and rejected his claim. On the 24th of May, 1858, the selection of the land by the State was approved by the Secretary of the Interior, and the fact was communicated to the Register and Receiver of the Land Office at Monroe, and also to the Governor of the State, who, on the 13th of August, 1858, caused a patent to be issued to the plaintiff as assignee of Darcas Dinkgrave. On the 7th of July, 1858, prior to the issue of the patent by the Governor, the attorney of Vester applied for and obtained an appeal from the decision of the Commissioner of the General Land Office, to the Secretary of the Interior, who, on the 25th of August, 1858, reversed the decision, and ordered a reinvestigation of the claim by the Register and Receiver at Monroe. On the reinvestigation of the claim, the Register concurred with the Receiver in the opinion, that *on the evidence before them,* Vester was entitled to a preëmption right under the Act of Congress of the 2d of March, 1851; and again reported the claim to the Commissioner of the General Land Office, who, adhering to his first opinion, referred the case to the Secretary of the Interior for a final decision. On the 31st of March, 1859, the Secretary confirmed the preëmption claim of Vester under the Act of Congress of the 2d of March, 1851; and on the 7th day of December, 1859, a patent was issued to his heirs by the President of the United States.

In addition to these facts, two others of prominent importance must be stated, and considered in passing upon the conflicting titles of the parties. The first is, that the land in dispute, in common with other lands embraced in a descriptive list of selections reported to the Secretary, was approved by him to the State, subject to all the legal rights of third persons existing at the date of the appeal; and the second fact is, that the appeal itself was made to the State, in ignorance of the existence of the preëmption claim of Vester.

On the facts above stated, the question is presented, whether the Secretary of the Interior could rightfully entertain jurisdiction, after his approval of the selections by the State, of the claim of Vester, and award the land to him, on the appeal from the decision of the Commissioner of the General Land Office.

The approval was not only made in error, as to the claim of Vester, but was made subject to all valid legal existing claims to each and every tract of land embraced in the descriptive list, whether such legal claim was evidenced by a prior patent or not. It was made subject to existing preëmption claims, although inchoate and dependent on the action of the Land Department for their perfection; and, *in this form,* was accepted; and thereby determined the rights of the State. And it is evident that under the approval thus made, the State acquired no title whatever to any of the lands embraced in the list, to which there existed at the time a valid right of preëmption, and to which the preëmptor afterwards asserted his right in pursuance of law; for *in all such cases,* by the very terms of the approval, *the legal title was withheld from the State.* Now, how can it be said, that the approval was a patent to the State, for the land

LUDELING
*v.*
VESTER.

in dispute, when by the terms of the approval, the legal title was withheld, for the benefit of the preemptor, Wiley J. Vester ? A patent is an instrument by which the legal title, or fee simple, is passed from the Government; and when in a given case, the legal title is withheld, there is no patent, or anything equivalent to it. Under the terms of the approval, the legal title to the land to which the preemption claim of Vester attached, remained in the United States Government, subject to the jurisdiction vested in the Secretary of the Interior, for the disposal of such claims in the last resort.

The question of jurisdiction came before the Secretary of the Interior, on a protest filed by the plaintiff against any proceedings on the appeal taken from the decision of the Commissioner of the General Land Office against the preemption claim of Vester. The Secretary decided the question against the plaintiff, and held that he had jurisdiction of the claim on the appeal. He also held that the location of an Internal Improvement warrant, under the Act of Congress of the 4th September 1841, of land to which a valid · preemption right existed, was void, and could not be rendered valid by a subsequent approval of the land to the State. In this opinion we concur; for it is entirely in harmony with the doctrine of the case of *Ellis* v. *Old,* recently decided by us; in which we held, that priority of right gives priority of title, in contests of this kind.

The plaintiff contends in the second place, that Vester had lost his right of appeal; first, by his acquiescence in the decision of the Commissioner; secondly, by his abandonment of his claim to the land; and thirdly, by reason of the decision having become *res adjudicata* before the appeal was taken. As the right of Vester to an appeal was granted by law; and as there was no limitation as to time imposed upon the exercise of the right, the decision of the Secretary of the Interior on the point is final, and cannot be reviewed by us.

The plaintiff contends in the third and last place, that Vester was not entitled to a preemption right upon the evidence adduced before the Register and Receiver of the Land Office at Monroe, and on which the decision of the Secretary of the Interior is founded. As these officers had authority to pass upon the preemption claim of Vester; and as there is no allegation of *error, charge of fraud,* or other ill practice against him in the proceedings before the Land Department, the decision of the Secretary of the Interior is final between the parties, and cannot be disturbed on the evidence which was before him.

It is therefore ordered, adjudged and decreed, that the judgment of the lower court be avoided and reversed; and it is now ordered, adjudged and decreed, that there be judgment in favor of the defendant, the administrator of the succession of Wiley J. Vester, deceased, with costs in both courts. And it is further ordered and decreed, that certified copies of the opinion and decree in this case be forwarded by the clerk of this court to the parties or their attorneys; and that each party have a delay of thirty days from the date of said service, to file his application for a re-hearing in this case.